GLADNEY, Judge.
This action in tort arises from an automobile collision which occurred near the intersection of 70th Street and Gilbert Drive, in Shreveport, Louisiana, on October IS, 1961, when a 1960 Pontiac sedan insured by General Accident Fire & Life Assurance Corporation, Ltd., and driven by Lenora Schexnaidre, and a 1961 Oldsmobile insured by Commercial Standard Insurance Company and driven by Judy Huguet Despeaux, collided. The insurer of the Schexnaidre automobile with subrogation rights has instituted a separate suit against the Commercial Standard Insurance Company. These two cases were consolidated. After trial, judgment was rendered in which the court held both motorists were negligent and dismissed plaintiffs’ demands in each of the cases.
Mrs. Schexnaidre was driving her car southerly on Gilbert Drive when she approached the intersection of 70th Street, at which point there is a stop sign, 70th Street being designated as a right-of-way street. She testified that as she approached the intersection she stopped at the stop sign on Gilbert Drive and, because her vision was obstructed by the terraced lot to her right, she drove forward to the north boundary line of 70th Street and again came to a stop. Then, after making due observation, she proceeded into 70th Street with the inten *338 tion of crossing it in a southwesterly direction to enter the driveway at 7004 Gilbert Drive, which driveway was located on the south side of 70th Street approximately 30 feet west of the intersection.
The Despeaux vehicle was traveling east on 70th Street. Judy Huguet Despeaux testified that after she arrived at a point several hundred feet west of ’Gilbert Drive she traveled over a hill at which time she observed Mrs. Schexnaidre’s car, and although she immediately applied the brakes of her car she was unable to bring it to a stop before it struck the other vehicle at a point approximately 8 to 10 feet north of the driveway at 7004 Gilbert Drive.
Plaintiffs charge that the driver of the Despeaux car was negligent in several respects, but primarily in that it was exceeding the legal speed limit of 35 miles per hour. The defendant denies that Mrs. Despeaux was traveling in excess of the speed limit and alleges Mrs. Schexnaidre was negligent in failing to yield the right-of-way to the defendant’s insured.
The only eye witnesses to the accident to testify were Mrs. Schexnaidre, who was alone in her vehicle, Mrs. Judy Huguet Despeaux, the driver of the Oldsmobile and Mrs. Pearl Despeaux, Judy’s mother-in-law, who was a passenger in the Despeaux vehicle.
Mrs. Schexnaidre testified that she was en route to visit Mrs. Conley, who lived at 7004 Gilbert Drive, being on the corner of Gilbert at 70th; that she had been to visit Mrs. Conley on many other occasions and as she approached the intersection of Gilbert Drive and 70th Street she was traveling about 25 miles per hour; that she came to a stop sign as she approached 70th Street, which sign was from 25 to 30 feet from the intersection; that she stopped, but being unable to see in either direction on 70th Street, she drove her car up to the edge of that street and then looked both ways twice while her vehicle was stopped; and that when she saw that no cars were coming from either direction, she pressed down on the accelerator and began to cross 70th Street by making a small angle turn to her right in order to enter thé Conley driveway. She further testified that her automobile had automatic transmission; that she was unable to see beyond the top of the hill to her west on 70th Street, and she approximated the speed of her vehicle as it moved across the intersection at five miles per hour; and that when she was about half way into the gravel approach to the driveway she first realized about the time the collision occurred that the Despeaux car was approaching from her right.
Judy Huguet Despeaux testified that she was not familiar with the highway; that she could not remember the rate of speed at which she was traveling when she first entered the city limits of Shreveport; and that she did not know and could not estimate how fast she was traveling when she first saw the Schexnaidre vehicle. She testified :
“Q. Is it still your testimony that you had no idea how fast you were going?
“A. Well, I knew I was in town and I always slow up in town.”
She further testified that when she first saw the Schexnaidre vehicle it was coming into the road and at that time she had just topped the rise in the highway, and that when she came over the top of the hill, the car of Mrs. Schexnaidre “shot out. She seemed to slow down when she got in my path.”
The remaining eye witness, Mrs. Pearl Despeaux, who was a passenger in the Despeaux car was not an unwilling witness, but obviously she had not been particularly observant of the events which took place. Her testimony, consequently, .is not significant although it is to some extent corroborative of the testimony of her daughter-in-law. In addition to the eye witnesses, -plaintiffs’ *339 counsel offered the testimony of J. F. Wilkerson, Jr., a surveyor, and John R. Bowman, an engineer. In connection with their testimony, maps, sketches and photographs were placed in the record to demonstrate the physical factors pertinent to the determination of the cause of the accident. We well appreciate the importance of a proper understanding of the physical facts in this case.
Wilkerson testified he made a survey of the intersection of Gilbert Drive and 70th Street which was depicted by a survey and profile of Gilbert Drive and 70th Street intersection, and 70th Street beyond the crest of a hill designated as being 260 feet west of zero station on the map, (the west side of Gilbert Drive). The hard surfaced portion of 70th Street was found to be 28 feet in width; the distance traveled by Mrs. Schexnaidre from her stopped position near the southern line of 70th Street to the point of impact near the entrance to the Conley driveway was measured and found to be 49.8 feet. Wilkerson then determined that while seated in her automobile the height of Mrs. Schexnaidre’s eyes above the ground was 3.6 feet and that the height of an Oldsmobile similar to the one involved in the accident was 4.5 feet. From this he deduced that the top of the Oldsmobile began to come within Mrs. Schexnaidre’s vision from a distance of 460 feet. Then using this distance as a factor and the five mile per hour rate of speed at which Mrs. Schexnaidre testified she crossed 70th Street, the conclusion, was reached that the time required by Mrs. Schexnaidre to cross the street was 6.9 seconds. Through the testimony of John R. Bowman, the civil engineer, predicated on the time lapse of 6.9 seconds and the skid marks of the Oldsmobile automobile which were established to be 72 feet in length up to the point of impact, it was ascertained that Judy Huguet Despeaux was traveling at a rate of speed faster than 38 miles per hour.
A study of the Bowman testimony has convinced us certain material factors were not considered in arriving at the results obtained. These include, inter alia, braking efficiency of the Despeaux car, the effect on the vehicle of the downgrade on 70th Street, and a better estimate of the speed of the Schexnaidre vehicle. Examination of the map by Wilkerson discloses that the point of impact of the two vehicles was 30 feet west of zero station as designated on the map of Wilkerson. Also, we observe that the eastern edge of the hilltop was hardly more than 130 feet from the point of impact. The top of the hill is of about the same elevation for approximately 100 feet, whereas the witness placed its crest at the westernmost point of the top of the hill, 260 feet west of zero station, or 230 feet west of the point of impact. The western approach to the hill inclines approximately li/2 feet to each 100 feet, until it reaches the station designated as 2 plus 60 on the map, whereas the eastern downslope of the hill declines at the rapid rate of 2Y2 feet to each 100 feet.
We do not accept the .conclusions so reached with respect to the speed of the Despeaux vehicle as having probative value. It can be recognized, of course, that the use of the recognized charts of stopping distances, with factors of perception, reaction time and braking distances are dependable in most cases and we can assume, for example, that on pavement where driving conditions are excellent and with the application of good brakes, the average person traveling on a level surface at the rate of 35 miles per hour should be able to bring the motor vehicle to a complete stop within a distance of about 145 feet. However, in the instant case because of uncertain factors, the tests are inconclusive.
The judge, a quo, who did not assign written reasons for the judgment, undoubtedly considered the testimony of the drivers of the two vehicles as well as the physical facts. He concluded that both were negligent, holding that Mrs. Despeaux was traveling in excess of the speed limit and that Mrs. Schexnaidre under circumstances considered negligent by the court, had failed to yield the right-of-way to the vehicle on *340 her right as required by LSA-R.S. 32:121 <B).
Our examination of the record fails to disclose manifest error, and, accordingly, the judgment from which appealed will be affirmed at appellants’ cost.